UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF DOREEN BESSETTE,

                    Plaintiff,                              No. 16-cv-11936

vs.                                                         Hon. Gerald E. Rosen

WILMINGTON TRUST, N.A.,
Successor Trustee to Citibank N.A. as
Trustee for Structured Asset Mortgage
Investments II Trust 2007-AR1
Mortgage Pass-Through-Certificates
Series 2007-AR1; SELECT PORTFOLIO
SERVICING, INC.; QUICKEN LOANS, INC.;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                    Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 28, 2016

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

I.  INTRODUCTION

This mortgage foreclosure case is presently before the Court on the Motion to

Dismiss filed by Defendants Wilmington Trust, N.A. ("Wilmington"), Select Portfolio

Servicing, Inc. ("Select"), Quicken Loans, Inc. ("Quicken") and Mortgage Electronic

Registration Systems, Inc. ("MERS").[1]  The Plaintiff Estate of Doreen Bessette, through

counsel, responded to Defendants' motion, and Defendants have replied.  Having

reviewed and considered the parties' briefs and supporting exhibits, the Court has

determined that the pertinent allegations and legal arguments are sufficiently addressed in

these materials and that oral argument would not assist in the resolution of this motion.

Accordingly, the Court will decide Defendants' motion "on the briefs."  See L.R.

7.1(f)(2).  This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

On October 10, 2006, Doreen Bessette obtained a $199,000 loan from Defendant

Quicken Loans for the refinance of residential property she owned in Farmington Hills,

Michigan.  As security for the loan, Ms. Bessette granted MERS, as nominee for

Quicken Loans, a mortgage on the property.  The mortgage granted MERS and its

successors and assigns the right to foreclose the mortgage and have the property sold at a

foreclosure sale in the event of an uncured default.

On November 5, 2011, the mortgage was assigned to Citibank.  The Assignment

was recorded with the Oakland County Register of Deeds.

On June 26, 2014, Ms. Bessette passed away.  A probate estate was opened in

---

[1] Defendant Quicken Loans has never answered or otherwise responded to
Plaintiff's Complaint.  In any event, as discussed below, the Court concludes that this
defendant was fraudulently joined as a defendant in this action.  Therefore, the claims
against Quicken will be dismissed.

Oakland County Probate Court on September 10, 2015.  Glenn Prentice was appointed

the personal representative of the estate.  On March 7, 2016, the court ordered

suspension of the personal representative's fiduciary powers.  The powers were

subsequently reinstated, with some limitations not relevant here.

Meanwhile, the mortgage payments fell into default.  Therefore, pursuant to the

power of sale in the mortgage, Citibank initiated foreclosure proceedings by

advertisement pursuant to M.C.L. § 600.3201 *et seq.*  A Notice of Foreclosure was

published weekly in the Oakland County Legal News on March 28, April 4, April 11 and

April 18, 2016, and on April 3, 2016, the Notice of Foreclosure was posted on the

premises.  The Sheriff's Sale occurred on June 28, 2016.  Citibank purchased the

property at the Sheriff's Sale for $153,000.00.  Plaintiff has until December 28, 2016 to

redeem the property.

Meanwhile, on May 6, 2016 -- *i.e.*, prior to the Sheriff's Sale -- Plaintiff

commenced this action in Oakland County Circuit Court.  Defendants timely removed

the action to this Court on May 27, 2016 on diversity of citizenship grounds.

Plaintiff's Complaint alleges one count to "Compel Judicial Foreclosure."  In

support of the claim, Plaintiff alleges that "MCL 600.3101 *et seq* authorizes [sic] the

Court to enjoin non-judicial foreclosure and order that foreclosure be conducted

judicially." [Compl., ¶ 22.] Plaintiff further alleges that "[i]t would be inequitable to

permit Defendants to gain from the benefits of a non-judicial foreclosure despite Plaintiff

qualifying for a loan modification." *Id.*, at ¶ 21.  However, the Complaint does not

contain any facts stating that Doreen Bessette, who has been deceased since June 2014,

was qualified for a loan modification prior to the foreclosure sale on June 28, 2016, and

Plaintiff does not make any argument concerning any purported loan modification in her

Response in opposition to Defendants' Motion to Dismiss.

## III.  DISCUSSION

A.   DEFENDANT QUICKEN LOANS, INC. WAS FRAUDULENTLY JOINED AS
     A PARTY-DEFENDANT IN THIS ACTION

As an initial matter the Court will address the issue of its jurisdiction over this

matter.  As indicated, this case is before this Court on diversity of citizenship grounds.

However, one of the named defendants, Defendant Quicken Loans, is a Michigan citizen.

As Plaintiff, too, is a Michigan citizen, Defendant Quicken's presence in this action

normally would destroy diversity of citizenship and, thereby, preclude this Court from

exercising jurisdiction over this matter.  However, in their Notice of Removal,

Defendants argue that Defendant Quicken was fraudulently joined as a party-defendant

in this action.  The Court agrees.

Fraudulent joinder of non-diverse defendants will not defeat removal on diversity

grounds.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  The

fraudulent joinder doctrine applies where the plaintiff has not asserted a viable cause of

action against a joined defendant.  *Id*.  Stated differently, a court must disregard a non-

diverse defendant when the plaintiff has "no colorable claim" against that defendant

under applicable state law.  *Id.*  Whether a party is fraudulently joined is to be determined

based only upon the claims as pled in the plaintiff's complaint.  *Id.*  The motive for

joining the non-diverse defendant is irrelevant to the analysis.  *Jerome-Duncan, Inc. v.*

*Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).

In this case Plaintiff has alleged no facts against Quicken that would support a

cause of action against it.  The only count contained in Plaintiff's Complaint is to

Compel Judicial Foreclosure.  Based on the facts pled, the mortgage is held by

Wilmington Trust, the successor in interest to Citibank which was assigned the mortgage

by MERS.  And, it was Citibank that initiated the foreclosure.  Quicken has no interest in

the property.  Therefore, there is no viable cause of action pled against this defendant.

Accordingly, the Court concludes that Quicken Loans has been fraudulently joined.  The

claims against Quicken, therefore, will be dismissed.

B.      STANDARDS APPLICABLE IN RULE 12(b)(1) AND 12(b)(6) MOTIONS

Defendants bring this motion pursuant to both Fed. R. Civ. P. 12(b)(1) -- for lack

of subject matter jurisdiction -- and Fed. R. Civ. P. 12(b)(6) -- for failure to state a claim.

Defendants contend that dismissal is proper under Rule 12(b)(1) based on their

argument that Plaintiff lacks standing to bring this action because the personal

representative did not execute either the Note or Mortgage. Defendants "lack of standing"

argument is misplaced.

It is only the case-or-controversy limitation set forth in Art. III, § 2 of the United

States Constitution that limits federal judicial authority. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 179, 120 S.Ct. 693, 703-704 (2000). Article III standing is established when there is a "concrete," "particularized," and "actual" injury that "is fairly traceable to the challenged action of" the defendants and capable of being "redressed by a favorable decision". *Id.*

Moreover, it is well-settled under Michigan law that in breach of contract actions, the personal representative of a decedent's estate stands in the shoes of the contracting decedent. *See Ballard v. Southwest Detroit Hospital*, 119 Mich. App. 814, 327 N.W.2d 370 (1982); *see also Drake v. Davis*, 2014 WL 7274835 (N.D. Ohio Dec. 18, 2014) (rejecting defendant's lack of standing argument explaining "[t]he executor of an estate, as a legal representative, settles the decedent's affairs and stands in [the decedent's] shoes" and "may ordinarily prosecute in his representative capacity any cause which his decedent could have instituted." (citation omitted)). Accordingly, the Court finds that Plaintiff has Article III standing to maintain this action. Therefore, the Court will treat Defendants' motion as having been brought only pursuant to Rule 12(b)(6).

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a

6

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949. Applying the foregoing standards, the Court concludes that Defendants' Motion to Dismiss should be granted.

C.     MICHIGAN FORECLOSURE STATUTES DO NOT ALLOW FOR THE
       RELIEF PLAINTIFF REQUESTS

Plaintiff alleges that "M.C.L. 600.3101 *et seq* authorizes [sic] the Court to enjoin non-judicial foreclosures and order the foreclosure be conducted judicially." Compl., ¶ 22. Plaintiff's claim is without statutory support.

M.C.L. § 600.3101 sets forth only the jurisdiction of state circuit courts to conduct judicial foreclosures: "The circuit court has jurisdiction to foreclose mortgages of real

estate and land contracts."  Foreclosures by advertisement are governed by procedures set

forth in an entirely separate chapter.  *See* M.C.L. § 600.3201, which provides that

"[e]very mortgage of real estate which contains a power of sale, upon default being made

in any condition of such mortgage, may be foreclosed by advertisement in the cases and

in the manner specified in this chapter."  There is nothing in the foreclosure statutes

providing for the conversion of a foreclosure by advertisement to a judicial foreclosure.[2]

Where no cause of action exists under the statute, the plaintiff has failed to state a claim

upon which relief may be granted.  *Long v. Chelsea Community Hosp.*, 219 Mich. App.

578, 581, 557 N.W.2d 157, 159 (1996).

D.      PLAINTIFF HAS NOT PROVIDED A BASIS TO SET ASIDE THE
        FORECLOSURE

In order to challenge a completed foreclosure sale, a plaintiff must show a defect

or irregularity in the foreclosure procedures that caused prejudice.  *Kim v. JP Morgan*

*Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012).  The plaintiff must show that

---

   [2]  For a two-year period in 2009-2011, Michigan had a temporary statutory
scheme in place which required a foreclosing party, prior to commencing a foreclosure
proceeding, to serve written notice on a borrower who had defaulted on a mortgage
informing him/her of the availability of housing counselors with whom he/she could
attempt to work out a loan modification in order to avoid foreclosure.  *See* M.C.L. §
600.3205a(1)-(4).  If such notice was not served and foreclosure by advertisement was
commenced, the borrower could bring an action in an appropriate Michigan circuit court
to enjoin the non-judicial foreclosure and convert the foreclosure proceeding to a judicial
foreclosure.  *See* M.C.L. §§ 600.3205a(5); 600.3205d(8).  Those statutory provisions,
however, were ***repealed***, effective July 5, 2011, five years before Plaintiff initiated this
action.  *See* M.C.L. § 600.3205e ("Sections 3205a to 3205d are repealed effective 2 years
after the effective date of the amendatory act that added this section [July 5, 2009].")

it was prejudiced by "the failure to comply with the statute" and "to demonstrate such prejudice, plaintiff must show that [it] would have been in a better position to preserve [its] interest in the property absent defendant's noncompliance with the statute." *Id.* at 115-16.

Plaintiff, however, has not alleged a defect or irregularity in the foreclosure procedures.

Plaintiff does appear to allege, however, that MERS's assignment of the mortgage to Citibank was in some way invalid. *See* Compl., ¶ 15 ("If Plaintiff's note was sold to Citibank N.A. on or before January 31, 2007 [when Plaintiff's note was placed into Wilmington Trust], MERS did not have lawful authority or standing to assign the mortgage on behalf of Quicken Loans as Quicken Loans was no longer the owner of that debt.")  However, such an argument is without merit.

First, Plaintiff lacks standing to challenge the assignment. *See Williams v. US Bank Nat. Ass'n*, 2011 WL 2293260 at *1 (E.D. Mich. June 9, 2011) ("To the extent Plaintiffs challenge any assignment from MERS to US Bank, Plaintiffs lack standing to do so because they were not a party to those assignments.") (citing *Livonia Prop. Holdings LLC v. 12840-12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97 (6th Cir. 2010).

In *Livonia*, the court reiterated the federal requirements for standing stating that "a party generally must assert his own legal rights and interests, and cannot rest his claim to

relief on the legal rights or interests of third parties."  717 F. Supp. 2d at 735 (internal

citations omitted).  The court went on to stated:

> Borrower certainly had an interest in avoiding foreclosure.  But the validity
> of the assignments does not affect whether Borrower owes its obligations,
> but only to whom Borrower is obligated.  Although a debtor may assert
> certain defenses that render an assignment absolutely invalid (such as
> nonassignability of the right assigned), he generally may not assert any
> ground which may render the assignment voidable because the only interest
> or right which an obligor of a claim has in the instrument of assignment is
> to insure him or herself that he or she will not have to pay the same claim
> twice.

*Id.* at 735-36 (citations omitted).

Hence, as Plaintiff is neither the assignor nor the assignee of the mortgage, it has

no standing to bring a claim challenging the validity of the assignment.

Nor is there any merit in Plaintiff's claimed "defect" in the "splitting" of the

mortgage from the note. As explained by the Michigan Supreme Court, the record holder

of a mortgage has "an interest in the indebtedness" and can commence foreclosure by

advertisement pursuant to M.C.L. § 600.3204(1)(d). *Residential Funding v Saurman*, 490

Mich. 909, 910 (2011). This was settled Michigan law well before Plaintiff filed its

Complaint. There is no dispute that Citibank was the record holder of Plaintiff's mortgage

at the time it commenced this foreclosure by advertisement, and so was within M.C.L. §

600.3204(1)(d). The whole notion of a split between the note and mortgage is irrelevant

to the validity of this foreclosure, and thus, clearly does not constitute an irregularity or

defect in the foreclosure proceeding.

CONCLUSION

For all of the foregoing reasons, the Court concludes that Plaintiff has failed to

state a claim upon which relief may be granted.  Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[Dkt. # 8]** be, and

hereby is, GRANTED.  Accordingly,

IT IS FURTHER ORDERED that this case be DISMISSED, in its entirety, WITH

PREJUDICE.

Let Judgment be entered accordingly.


s/Gerald E. Rosen
United States District Judge

Dated:  November 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on November 28, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

11