UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF DOREEN BESSETTE,

                Plaintiff,                No. 16-cv-11936

vs.                                      Hon. Gerald E. Rosen

WILMINGTON TRUST, N.A.,
Successor Trustee to Citibank N.A. as
Trustee for Structured Asset Mortgage
Investments II Trust 2007-AR1
Mortgage Pass-Through-Certificates
Series 2007-AR1; SELECT PORTFOLIO
SERVICING, INC.; QUICKEN LOANS, INC.;
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

                Defendants.
_____/

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on December 27, 2016

        PRESENT:  Honorable Gerald E. Rosen
                           United States District Judge

       This matter is presently before the Court on Plaintiff's Motion for Reconsideration of the Court's Order of November 28, 2016 granting Defendants' Motion to Dismiss and/or for Summary Judgment.

       The requirements for the granting of motions for reconsideration are set forth in

Eastern District of Michigan Local Rule 7.1(h), which, in relevant part, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(3).

Therefore, in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(h)(3); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to

relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A*., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

Likewise, a motion for relief from judgment under Fed. R. Civ. P. 60(b) is an extraordinary remedy. Both the U.S. Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity <u>mandate</u> relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple error,

3

unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

By application of the foregoing authorities, the Court will deny Plaintiff's December 19, 2016 motion. Plaintiff's motion merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication. Furthermore, Plaintiff has not shown a "palpable defect" by which the Court has been misled.

Plaintiff mistakenly believes that the Court did not consider the "entire" foreclosure by advertisement statute, in particular M.C.L. § 600.3204(1)(b), which permits a foreclosure by advertisement only if "[a]n action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage. . . ." Contrary to Plaintiff's belief, the filing of its "Complaint to Stay Foreclosure and/or Force Judicial Foreclosure" on May 27, 2016 -- after foreclosure proceedings had been initiated and were, but for the actual Sheriff's sale, completed -- is not such an "action at law to recover the debt secured by the mortgage." Nor does the opening of a probate case implicate subsection (b) of the statute. In sum, no "palpable defect" or "clear error of law" has been shown.

Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration **[Dkt. # 16]** is DENIED.

                                              s/Gerald E. Rosen  
                                              United States District Judge

Dated: December 27, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 27, 2016, by electronic and/or ordinary mail.

                        s/Julie Owens
                        Case Manager, (313) 234-5135